IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATRINA ROSANNE WEAR,          No. 3:15-cv-00566-HZ

        Plaintiff,          OPINION & ORDER

  v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Lisa R.J. Porter
JP Law PC
5200 SW Meadows Rd., Suite 150
Lake Oswego, OR 97035

    Attorney for Plaintiff

Janice E. Hebert
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

John C. LaMont
Social Security Administration
Office of the General Counsel- Region X
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Katrina Wear brings this action for judicial review of the Commissioner's final decision denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act and Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). The Court reverses the Commissioner's decision and remands for an award of benefits.

## PROCEDURAL BACKGROUND

Plaintiff was awarded DIB and SSI from May 1, 2003 through September 28, 2006, based on a finding that Plaintiff was disabled due to injuries she sustained in a motor vehicle accident. Tr. 161.[1] Plaintiff was found to no longer be disabled as of September 28, 2006. Tr. 151.

In August 25, 2009, Plaintiff filed new applications for SSI and DIB, alleging an onset date of May 1, 2003, which she later amended[2] to September 29, 2006. Tr. 44. Her application was denied initially and on reconsideration. Tr. 168, 173, 175, 178. On June 29, 2011, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge (ALJ). Tr. 41. On July 11, 2011, the ALJ found Plaintiff not disabled. Tr. 34. The Appeals Council denied review. Tr. 1.

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 13-14.
[2] Plaintiff amended her alleged onset date at the administrative hearing on June 29, 2011, to reflect an onset date starting immediately after her prior award of benefits terminated. Tr. 239.

Plaintiff then challenged the ALJ's decision in this Court. On January 9, 2014, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Tr. 901. The Court's decision explained:

> Because the ALJ failed to incorporate Dr. Moore's entire opinion, the RFC failed to reflect plaintiff's limitations. Because the ALJ failed to include **plaintiff's limitations with regard to supervision** in hypotheticals to the VE, this case should be reversed and remanded for additional proceedings. See Bruce v. Astrue, 557 F .3d 1113, 1116 (9th Cir. 2009)(reversing an ALJ for failing to incorporate functional limitations described by a "generally credible" witness). The RFC should be revised and presented to the VE to determine whether there are competitive jobs for an individual with plaintiff's limitations.

Tr. 909 (emphasis added).

Pursuant to this Court's order, Plaintiff appeared and testified at another administrative hearing in front of the same ALJ on August 12, 2014. Tr. 852. After considering all of the evidence, the ALJ concluded that Plaintiff is disabled, but that a substance use disorder is a contributing factor material to the determination of disability. Tr. 818. Accordingly, the ALJ found that Plaintiff is not entitled to benefits under the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. Id. Plaintiff filed for review of the ALJ's decision in this Court. See 20 C.F.R. §§ 404.984, 416.1484 (regarding Appeals Council review of ALJ decision in a case previously remanded by a federal court).

**FACTUAL BACKGROUND**

Plaintiff alleges disability based on a personality disorder, post-traumatic stress disorder, complex fracture of her lower left leg, chronic pain, and nerve damage. Tr. 244. The ALJ also found that Plaintiff suffers from migraine headaches, a psychotic disorder, depression, anxiety, and substance abuse. Tr. 821. At the 2014 administrative hearing, Plaintiff was forty-four years old. Tr. 239, 837. She has her GED. Tr. 50. She has past work experience as a newspaper deliverer, caregiver, detailer at a car wash, groundskeeper, and warehouse worker. Tr. 833.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 29, 2006. Tr. 821. Next, at steps two and three, the ALJ determined that Plaintiff has the severe impairments of status-post fracture of the lower limb with resulting leg length discrepancy and chronic pain, migraine headaches, a psychotic disorder, depression, anxiety, a personality disorder NOS, methamphetamine abuse, alcohol abuse, and marijuana abuse, but that the impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments. Tr. 821, 822. At step four, the ALJ concluded that, including the substance use disorders, Plaintiff has the residual functional capacity to perform light work as defined in 20 CFR § 404.1567(b) and § 416.967(b) except: she should not stand and/or walk more than four hours a day but she could sit without limitation; she could occasionally climb, crouch, kneel, and crawl; she should avoid hazards and unprotected heights; she is capable of simple, entry-level work with occasional coworker interaction but no public interaction; and, she would have intermittent, marked difficulty responding appropriately to supervisor input approximately once or twice a week. Tr. 823. With this residual functional capacity, the ALJ determined that Plaintiff is unable to perform any of her past relevant work. Tr. 833. At step five, the ALJ determined that Plaintiff is unable to perform any jobs that exist in significant numbers in the economy. Tr. 833. Thus, the ALJ found that Plaintiff was disabled. Tr. 834.

The ALJ then conducted an analysis of Plaintiff's disability, taking into account evidence of Plaintiff's substance use. Steps one through four of the analysis remained the same. However, at step five of the analysis, the ALJ determined that, if Plaintiff stopped the substance use, she would be able to perform jobs that exist in significant numbers in the economy, such as small product assembly. Tr. 836. The ALJ concluded that the substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled if she stopped the substance use. Tr. 836 (citing 20 CFR 404.1520(g), 404.1535, 416.920(g), and 416.935). Thus, the ALJ determined that Plaintiff is not disabled within the meaning of the Social Security Act. Id.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also

Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff contends that the ALJ erred by concluding that Plaintiff's substance use is a contributing factor material to the disability finding and that if Plaintiff stopped her substance use, there would be a significant number of jobs in the national economy that Plaintiff could perform. The Court agrees that the ALJ erred.

I.   Plaintiff is disabled.

If an ALJ finds a claimant is disabled, but drug addiction or alcoholism is a contributing factor material to the disabling condition, then the claimant is disqualified from receiving benefits. 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). An "ALJ must conduct a drug abuse and alcoholism analysis . . . by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (citing 20 C.F.R. § 404.1535(b)). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." Id. (citing 20 C.F.R. § 404.1535(b)).

The ALJ's opinion provides two assessments of Plaintiff's residual functional capacity (RFC)—one RFC based on Plaintiff's abilities as impacted by substance use, and one RFC based on Plaintiff's abilities if she stopped the substance use. The RFCs are identical, except that the ALJ concludes that, if Plaintiff stopped the substance use, she would no longer have "intermittent, marked difficulty responding appropriately to supervisor input approximately once

or twice a week." Tr. 823. The vocational expert (VE) testified that, without the limitation regarding responding to supervisor input, Plaintiff could perform the job of small product assembly. Tr. 869. However, when the ALJ posed a hypothetical to the VE that included the limitation on responding to supervisor input, the VE found that Plaintiff would be precluded from sustaining competitive employment. Tr. 870. The issue, therefore, is whether the ALJ properly determined that, if Plaintiff stopped her substance use, she would no longer have "intermittent, marked difficulty responding appropriately to supervisor input."

The ALJ gave significant weight[3] to the opinion of examining clinical psychologist and medical expert Margaret Moore, Ph.D., who testified at Plaintiff's 2011 hearing. Tr. 71-79, 830. Dr. Moore indicated that Plaintiff's impairments included depression, anxiety, personality disorder, and substance abuse. Tr. 73. Dr. Moore opined that Plaintiff's use of methamphetamine and alcohol was "episodic" and her use of marijuana was "ongoing." Tr. 74. According to Dr. Moore, Plaintiff's "major issues" were related to personality and substance abuse. Id. Dr. Moore testified that Plaintiff had "mild to moderate" limitations in her activities of daily living. Tr. 75-76. As to Plaintiff's social functioning, Dr. Moore stated:

> Social functioning, moderate to occasionally marked, the record does describe some incidents, certainly the domestic violence 7F, Cascadia notes mental health contact, **I also think that the whole issue of responding [to] authority and all of that is certainly going to be something that will be on the marked side of things here.** The concentration, persistence, and pace, this is a tough one because when I look at the actual record, we have certainly a very elevated exam at 5F when she was able to really manage some testing there. She performed pretty well at the mental status exam in 6F, her performance was certainly respectable. . . . However when we hear the discussion of the lack of focus and difficulty concentrating, I find myself wondering how much of that is the influence of marijuana every few hours. And I would think that that would be [a] significant factor. So I would say overall moderate.

---

[3] To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester v. Chater, 81 F.3d 821, 830–31 (9th Cir. 1995).

Tr. 76-77 (emphasis added).

Plaintiff concedes that Dr. Moore concluded that Plaintiff's marijuana use was material to her limitations as to concentration, persistence, and pace. However, Plaintiff argues that Dr. Moore did not make a similar conclusion as to Plaintiff's ability to respond to authority figures, such as a supervisor. According to Plaintiff, the ALJ had no reason, based on Dr. Moore's testimony, to conclude that, if Plaintiff ceased her substance use, she would no longer have "marked" limitations in responding to authority.

Defendant argues that, even if the hearing transcript could rationally be interpreted the way Plaintiff urges, "it does not compel this conclusion." Def.'s Br. 7. According to Defendant, it was reasonable for the ALJ to conclude that Dr. Moore factored substance abuse into her opinions about all of Plaintiff's limitations, not just her limitation as to concentration, persistence, and pace. The Court disagrees. First, Defendant's interpretation of Dr. Moore's testimony is not, in fact, adopted by the ALJ in justifying his conclusion. This Court cannot affirm a decision by an ALJ based on a *post hoc* rationalization of the ALJ's decision. See Bray, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citations omitted); see also Chenery Corp., 332 U.S. at 196 ("[I]n dealing with a determination or judgment which an administrative agency alone is authorized to make, [courts] must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."). Even if Defendant has accurately captured the ALJ's line of reasoning, it is the ALJ that must explain his decision, not this Court.

Furthermore, as Defendant concedes, Dr. Moore did not explicitly link her opinion about Plaintiff's limitation in responding to authority with Plaintiff's substance abuse. Nor did she make an implicit link. Dr. Moore's testimony clearly indicates that she believes Plaintiff's overall social functioning has moderate to occasionally marked limitations, Plaintiff's ability to respond to authority has a marked limitation, and Plaintiff's limitation as to concentration, persistence, and pace is moderate because it is significantly impacted by Plaintiff's marijuana use. Defendant's proposed interpretation of Dr. Moore's testimony is not reasonable and is not supported by the record. The ALJ erred by failing to provide clear and convincing reasons for excluding portions of Dr. Moore's testimony regarding Plaintiff's limitations.

Alternatively, Defendant argues that the ALJ identified other substantial evidence to show that substance use was material to Plaintiff's disability. The ALJ identified the following evidence:

- Plaintiff was clean and sober for a significant period in the year 2000, and during this time she was successful in maintaining employment with UPS. Plaintiff worked on the graveyard shift.

- Plaintiff lost her job at UPS because of a back injury in December of 2000.

- While Plaintiff relapsed after her period of sobriety in 2000, by November, 2004, she was sober again. At that time, she was assessed as emotionally stable. She maintained this sobriety until April 2005, at which point she was prescribed marijuana.

Tr. 835. Based on this evidence, the ALJ concluded: "Overall, records from the periods when the claimant was sober from methamphetamine and alcohol, and before she started to use medical marijuana, support finding she would have the above described residual functional capacity [that did not include the limitation with regard to authority] in the absence of substance use."

The Court fails to see how the cited evidence is substantial evidence to support the conclusion that substance abuse was material to Plaintiff's limitation with regard to authority

figures, such that the limitation was properly excluded from the RFC. Plaintiff was employed by UPS for less than a year, six years before the period of alleged disability began and fourteen years before the hearing date. The fact that Plaintiff once had a job does not constitute substantial evidence regarding Plaintiff's ability, as of the alleged disability date, to properly respond to authority figures such as supervisors.

In sum, the ALJ gave "significant weight" to Dr. Moore's opinion, yet the RFC failed to incorporate Dr. Moore's opinion as to Plaintiff's limitation in responding to authority. This is precisely the error the ALJ made in his previous decision, which formed the basis for this Court to reverse and remand the case for further proceedings. See Wear v. Colvin, No. 03:12-CV-2025-SU, 2014 WL 28997, at *3-4 (D. Or. Jan. 2, 2014) ("[T]he ALJ did not include in plaintiff's RFC Dr. Moore's findings regarding marked limitations in responding to authority figures, such as supervisors . . . .Because the ALJ failed to incorporate Dr. Moore's entire opinion, the RFC failed to reflect plaintiff's limitations."); see also 20 C.F.R. § 404.1545 ("A limited ability to carry out certain mental activities, such as limitations in . . . responding appropriately to supervision . . . may reduce your ability to do past work and other work.")

Fortunately, this Court has the benefit of new information obtained upon remand. At the 2014 hearing, the ALJ posed a hypothetical to the VE that answered the question left hanging in 2011: If Plaintiff was limited as the ALJ found in his RFC and, additionally, had "intermittent marked difficulty responding properly to supervisor input," would she be precluded from maintaining competitive work? Tr. 870. The VE answered, "Yeah, I think it would [preclude her], at the marked level." Id. Therefore, when Plaintiff's limitation in responding to supervisors is properly included in the RFC, the ALJ and the VE concur that Plaintiff is disabled.

11 - OPINION & ORDER

II.     Plaintiff is entitled to an award of benefits.

In social security cases, remands may be for additional proceedings or for an award of benefits. E.g., Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (explaining that if "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded [,]" but "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits") (internal quotation marks omitted).

To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. Id. at 1020; see also Treicher v. Comm'r, 775 F.3d 1090, 1100 (2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Garrison, 759 F.3d at 1020. Second, the record must be fully developed and further administrative proceedings would serve no useful purpose. Id. Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. Id. To remand for an award of benefits, each part must be satisfied. Id.; see also Treicher, 775 F.3d at 1101 (when all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule" of remanding to the agency).

Each part of the three-part test is met in this case. The ALJ failed to provide legally sufficient reasons for rejecting Dr. Moore's opinion that Plaintiff had a marked limitation in her ability to respond to authority. The ALJ's conclusion that, if Plaintiff stopped her substance use, she would no longer have this limitation is unsupported by the record. The record is fully developed and further administrative proceedings would serve no useful purpose. The ALJ gave great weight to Dr. Moore's opinion, Dr. Moore opined that Plaintiff has marked limitations in

responding to authority, and the VE testified that an individual with Plaintiff's RFC and marked difficulty responding to supervisor input would not be able to sustain competitive employment. Tr. 76, 830, 869-70. When the improperly discredited evidence is credited, the ALJ would be required to find Plaintiff disabled at Step 5. In fact, the ALJ acknowledged as much in his opinion, by finding Plaintiff disabled before he excluded the limitation on responding to authority. Tr. 833.

## CONCLUSION

The Commissioner's decision is reversed and remanded for a determination of benefits.

IT IS SO ORDERED.

Dated this 28 day of January, 2016

_____
MARCO A. HERNÁNDEZ
United States District Judge

13 - OPINION & ORDER